LOZE *vs.* DIMITRY ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The seizure under writ of *fieri facias*, of a schooner or other moveable property of the husband, takes it from his possession, so that a subsequent judgment against him by his wife, with her legal mortgage, cannot affect it.

Among the different privileges and mortgages, which may exist on ships and other vessels, none is given to the wife.

Ships and vessels are subject to hypothecation, though not like immoveables and slaves; but only according to the laws and usages of commerce.

The legal mortgage of the wife does not attach to ships and vessels, as the hypothecation is not effected according to the laws and usages of commerce.

This case grew out of a conflict of claims between the plaintiff, who had seized two schooners under a judgment and execution against the defendant Dimitry, and his wife, who claims a privilege on said vessels.

The plaintiff obtained judgment against Dimitry, and in virtue thereof seized two schooners belonging to the defendant, on the 30th January, 1834. The defendant's wife obtained judgment of separation of property, on the 17th February following, for a large amount of dotal and paraphernal property, with legal mortgage on her husband's estate. She intervened in the seizure, and opposed it on the ground that she had a higher privilege and mortgage, and prayed that the property be sold to satisfy her claim.

The district judge was of opinion, that when the wife obtains a judgment for the restitution of her paraphernal and dotal property, her mortgage being a latent one, attaches to all the property of the husband; that the schooners, though under seizure, were still his property until sold, and were liable to her mortgage. Judgment was rendered for the intervenor. The plaintiff appealed.

*Grailhe*, for the plaintiff, insisted that, by the seizure, the seizing creditor obtained a privilege on the vessels, which could not be opposed by the claim of the intervenor, whose judgment was rendered afterwards. *Code of Prac. art.* 722.

*Canon*, for the intervenor and appellee, contended that the wife's privilege or mortgage, was of a higher class than that of the seizing creditor, and her mortgage extended to all the husband's property. *Code of Practice*, 396.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment, which decrees to the wife of the defendant (she being an intervening party), the proceeds of two schooners, seized by the plaintiff, under an execution issued in pursuance of a judgment obtained against said defendant, on the 30th January, 1834, while the judgment by which the intervening party obtained a separation of property and liquidation of her claim, was not rendered until the 17th of February following, and that too, after the seizure of the schooner, under his (the plaintiff's) writ of *fieri facias*, which put an end to the defendant's possession of these vessels.

The counsel for the appellant contends, that the seizure under the Code of Practice, article 720, vested in the plaintiff a privilege on the property seized, which entitled him to a preference over all other creditors.

On behalf of the intervening party, it is urged that the privilege claimed, under the article of the Code of Practice cited, is only a privilege over other common creditors, which does not stand in the way of higher privileges, when asserted in due time. We are referred to the Code of Practice, article 396, where the mode in which those who have a higher privilege than the seizing creditor may assert it; that the wife has a tacit mortgage on all her husband's property, susceptible of being mortgaged, amongst which ships and vessels are expressly classed. *La. Code*, 3256, *No.* 4.

It appears to us, that the schooners having been levied on, under the writ of *fieri facias*, were taken out of the possession of the defendant; and his wife, therefore, could not acquire a privilege on them, by a judgment posterior to the seizure of moveable property. *La. Code, art.* 3182.

The *Louisiana Code, article* 2304, *et seq.* recites the different privileges which may exist on ships and vessels; among those, none is given to the wife.

Ships and vessels are indeed susceptible of being mortgaged, but not like immoveable property. The mortgage of ships and vessels (or, to speak more correctly, in the language of the Louisiana Code, art. 3272), the *hypothecation* of ships and vessels does not take place, like that of immoveable property and slaves, but according to the laws and usages of commerce. They are not mentioned in that part of the Louisiana Code which treats of legal and judicial mortgages, and not classed with immovable property and slaves, as being susceptible of mortgage.

From this view of the case, the District Court erred, in sustaining the claim of the intervening party. In our opinion, she had no privilege, because the schooners, by the seizure under the plaintiff's execution, were taken out of the possession of the husband, the wife's debtor, before the dissolution of the marriage partnership. She had no mortgage thereon, as the hypothecation or mortgage on them as ships and vessels had not been made or executed according to the laws and usages of commerce.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the claim of the wife and intervening party be dismissed, with costs in both courts.

---

*Margin notes:*

EASTERN DIST. *January,* 1835.

LOZE
*vs.*
DIMITRY ET ALS.

The seizure under a writ of *fieri facias* of a schooner or other moveable property of the husband, takes it from his possession; so that a subsequent judgment against him by his wife, with her legal mortgage cannot affect it.

Among the different privileges and mortgages which may exist on ships and other vessels, none is given to the wife.

Ships and vessels are subject to hypothecation, though not like immoveables and slaves; but only according to the laws and usages of commerce.

The legal mortgage of the wife does not attach to ships and vessels, as the hypothecation is not effected according to the laws and usages of commerce.