EASTERN DIST.
January, 1835.

MALCOLM ET AL.
vs.
SCH. HENRIETTA
ET ALS.

## MALCOLM & WOOD vs. SCHOONER HENRIETTA ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The provision in the Louisiana Code, that "ships and other vessels" are susceptible of being mortgaged, is restricted to hypothecations, made according to the laws and usages of commerce. In whatever cases those usages and laws would recognise the validity of an hypothecation of a vessel, our Code also recognises it, *and in none other.*

So where a conventional mortgage on a schooner, executed by the owner, in favor of a creditor, to secure the payment of a debt, and duly recorded in the mortgage office, was sought to be enforced: *Held,* that such a mortgage has no effect; and that ships are not subject to the same incumbrances which attach to immoveables, as lands and slaves, situated within the constant operation of the laws of the state.

This is an action against the owner and schooner Henrietta, for supplies furnished, amounting to six hundred and ninety-nine dollars and fifty cents, in which the plaintiffs claim judgment with a privilege on said vessel, and pray that she may be provisionally seized, and held subject to their demand.

*Holston* intervened, and set up a demand against the said schooner and her owner, for the sum of five hundred and forty-two dollars, secured by a special mortgage, duly recorded in the mortgage office, and claims to be paid in preference of all other creditors. He denies that the plaintiffs have any privilege, and that if they ever had one, it is extinguished by the departure of the vessel since their claim attached.

*Gedney* also intervened, and claimed four hundred and twenty dollars and seventy-seven cents, for work done and materials furnished, as a ship carpenter on said schooner, and claimed to be paid, as a privileged creditor, in preference of all others.

*Several* sailors put in privileged claims.

The district judge fixed a day to hear and try the several claims against the schooner and her owner, and to class them according to their privileges; and after hearing the parties and examining their several pretensions, proceeded to give judgment in the following manner : " *Miller and Living*, who are sailors, are entitled to be paid their wages for the last voyage, in preference to all other creditors." "*Holston* not having established his claim to be of that character, for which a mortgage can be given on a vessel, his intervention must be dismissed." " The only remaining claim, is that of *Malcolm and Wood*, which is privileged against the owner, in its full extent. As to the claim of *Gedney*, the privilege is extinguished, the vessel having made several voyages since the debt accrued."

*Holston and Gedney* applied for a new trial, which was overruled. *Holston*, the mortgage creditor, appealed.

EASTERN DIST.
January, 1835.

MALCOLM ET AL.
vs.
SCH. HENRIETTA
ET ELS

*Carter*, for the plaintiffs, made the following points :

1. The provisions of the La. Code, which admit that ships and other vessels may be mortgaged, when interpreted in connexion with the articles of the Civil Code and the maritime law, show that the mortgage must have grown out of the necessities of the trade of those vessels, or created for their advantage. *La. Code, art.* 3256, *No.* 4. *Civil Code, art.* 38, *p.* 458.

2. The provisions of both codes, when all taken together, show conclusively, that ships and all trading vessels, can only be mortgaged or hypothecated according to and are governed by the principles of the maritime law. *La. Code, art.* 3272, 3256. *No.* 4. *Civil Code, art.* 38, *p.* 458.

3. If there be a doubt as to the law, or if the articles of the codes are not positive, and establish the construction for which we contend, the interpretation given by the District Court should at any rate prevail, and that vessels or ships ought not in any case be susceptible of mortgage, unless for the use and to relieve the necessities of the vessel.

4. The account of the plaintiffs, is for supplies in money and articles furnished the vessel, which give a privilege on

62

EASTERN DIST.
January, 1835.

MALCOLM ET AL.
vs.
SCH. HENRIETTA
ET ALS.

her of the highest rank. The bare mortgage claim of Holston, the appellant, cannot in any respect be admitted in competition with our claim.

5. Vessels are subject to peculiar privileges known to all the world; but where an individual takes a mere mortgage for a sum lent, or to secure a debt due by the owner, it cannot affect the vessel, and the lender or creditor must abide the consequences, which the codes and the maritime law inflict in such cases.

*Roselius*, for the appellant.

1. Ships and other vessels, are made susceptible of conventional mortgage, by the positive enactments of our code. *La. Code,* 3256, *No.* 4.

2. The plaintiffs have no privilege on the vessel. If they ever had any, it has been lost by permitting the vessel to make a voyage. The privilege only attaches for supplies furnished, previous to the departure of the vessel.

*Bullard, J.*, delivered the opinion of the court.

In this case the court is called on, for the first time, to consider and give an interpretation to those articles of the Louisiana Code, which relate to the mortgage of ships or other vessels. The question arises in the distribution of the proceeds of a schooner, sold in pursuance of a provisional seizure, sued out by Malcolm & Wood, to reimburse themselves certain supplies furnished by them, and for which they claim a privilege. Several persons intervened, and among others L. Holston, who exhibits a special conventional mortgage on the schooner, executed by the owner before a notary, and recorded in the office of the recorder of mortgages, in this city.

Article 3256 of the code, enumerates among the objects susceptible of mortgage, "ships and other vessels." When treating afterwards of conventional mortgages, it declares (article 3272) that "hypothecations of ships and other vessels, are made according to the laws and usages of commerce." The opinion that the legislature intended to

restrict the mortgage of ships, to the cases in which such hypothecation would be considered as valid, by the usages of commerce or the commercial law, is much strengthened by the fact, that by the same code, neither a judicial nor a legal mortgage attaches to that species of property. The hypothecary creditor can only exercise his right on immoveables and slaves. We have recently had occasion to examine the subject, in relation to the legal mortgage of the wife, to secure the restitution of her dower, and came to that conclusion. See *the case of Loze* vs. *Dimitry et al., ante*, 485.

EASTERN DIST. *January*, 1835.

MALCOLM ET AL.
*vs.*
SCH. HENRIETTA ET ALS.

The provision in the Louisiana Code, that "ships and other vessels" are susceptible of being mortgaged, is restricted to hypothecations made according to the laws and usages of commerce. In whatever cases those usages and laws would recognise the validity of an hypothecation of a vessel, our Code also recognises it, *and in none other.*

The declaration that ships are susceptible of mortgage, is among the amendments of the old code, which contained no such enunciation in distinct terms. That code, after enumerating the objects susceptible of mortgage, and declaring that moveables shall no longer be subject to be mortgaged, either generally or specially, declares that "the present disposition, in no way alters or effects the dispositions of the maritime or trade laws, respecting ships and sea vessels." Although there is a difference in the phraseology of the old and new codes, there is in our opinion no difference substantially, in their provisions on this subject. They both recognise, as a general principle of our municipal law, that moveables are not susceptible of mortgage, but at the same time, admit an exception as to ships and vessels, under the maritime law, which as the compliment of the law of nations, founded on the general acquiescence of commercial states, regulates and controls the great interests of navigation and commerce, except so far as it is repugnant to a positive law of the state. The old code contains only a reference to the usages of trade, in relation to the hypothecation of vessels; the amendment simply declares, that ships and other vessels are susceptible of mortgage, and then qualifies the principle by declaring, that such hypothecations *are made* according to the laws and usages of commerce; the one leaves the principle, that ships are in some cases susceptible of mortgage, to be deduced as an inference from its general provisions on that subject matter; the other announces that susceptibility in positive terms, according to the forms, and in

EASTERN DIST.
January, 1835.

MALCOLM ET AL.
vs.
SCH. HENRIETTA
ET ALS.

the cases established by the commercial law. We consider both as declaratory laws, recognising the existence of the commercial law, as a system distinct from, and co-existing with the municipal code, and giving effect to hypothecations of ships, made according to such usages, notwithstanding the general maxim, that moveables are not susceptible of mortgage.

Although it is generally unsafe to rely on arguments *ab in convenienti,* in the interpretation of laws, yet the view we have taken of this part of the code, is confirmed by a consideration of the consequences, which might result from a different conclusion. If it were settled as a principle, that a mortgage in the ordinary form, and to secure the payment of a debt, no matter what might be its origin or consideration, would follow the ship into whose ever hands it might come, and adhere to it amidst all the changes and hazards incident to navigation, how could the master of a vessel, belonging to the port of New-Orleans, procure funds in a foreign port, on the credit of her bottom ; funds, perhaps absolutely necessary for repairs or other exigencies of the vessel ? Such a system would not only be productive of injurious impediments to commerce, but might lead to enormous frauds. The purchaser of a vessel in any foreign port or at sea, looks only to the register or other ship-papers, to ascertain the title and the incumbrances. The principle now contended for, by the appellant, would compel him to resort to the office of the register of mortgages ; and where is such a mortgage to be registered ? We cannot suppose, that the legislature intended to subject those great instruments of commerce, "which are built to plough the seas, and not to rot by the walls," to the same incumbrances which attach to lands, situated within the constant operation of its laws, or to slaves, who, although capable of being removed, are generally destined to its cultivation. The emperor Antoninus, when interrogated concerning a question of navigation, repeated the declaration of Augustus, "I am the master of the earth, but the Rhodian law is mistress of the sea." He recognised, as our legislature has, the existence of a commercial code, upheld by general

So where a conventional mortgage on a schooner, executed by the owner, in favor of a creditor to secure the payment of a debt, and duly recorded in the mortgage office, was sought to be enforced : *Held,* that such a mortgage has no effect ; and that ships are not subject to the same incumbrances which attach to immoveables, as lands and slaves, situated within the constant operation of the laws of the state.

consent, growing out of the mutual wants of nations, and <span>EASTERN DIST.</span> founded on principles of natural equity, which are of univer- <span>*January*, 1835.</span> sal obligation.   In whatever cases those usages and laws would recognise the validity of an hypothecation of a vessel, <span>TOBY *vs.* MAURIAN.</span> our code also recognises it, and in our opinion in none other.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.