SHIELDS ET AL. *vs.* PERRY, M'CLURE ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

An intervenor may produce evidence to prove that the property attached had been transferred to third persons, before coming into his possession as owner, in order to show that the defendants had parted with their interest at the time of the attachment.

A bill of sale or written title, is not necessary to transfer title to a ship, and parole evidence of a sale may be offered, connected with a written title made in pursuance of it.

This suit was instituted by attachment the 27th November, 1838, and the petition filed the next day. The plaintiffs allege that they are the holders and owners of four promissory notes for one thousand one hundred and sixty-seven dollars thirty-five cents, signed by Samuel Perry & Co., to the order of and endorsed by James H. M'Clure, negotiable and payable at the Canal Bank, in New-Orleans, and all of them due and protested for non-payment. They pray for judgment, and that property of the defendants be attached.

The sheriff attached and took into his possession the steam-boat Echo.

Albert Edwards intervened and claimed the boat, alleging that the defendants were not at the time of issuing the writ of attachment the owners of said boat, and that he is, and was the true owner before and at the time, and prays leave to intervene; that said seizure be set aside; and that he be declared the true and lawful owner of said boat.

The attorney for the absent defendants pleaded a general denial, and the plaintiffs joined issue with the intervenor.

The evidence showed that the boat attached, was enrolled in Cincinnati, the 26th July, 1836, as the property of the firm of James H. M'Clure & Co., in Newport, Kentucky; that the partnership was dissolved in June, 1838, and M'Clure conveyed, by bill of sale, the steam-boat to his other partners, in consideration of a balance he owed on settlement.

EASTERN DIST.
December, 1840.

SHIELDS ET AL.
vs.
PERRY, M'CLURE
ET AL.

Albert Edwards, as appears by the testimony of a witness, purchased this boat from the partners of M'Clure, by verbal agreement, sometime in September, 1838, and took possession of her in October following, at Paducah, in Kentucky, where she was then lying, and on the 3d of December, 1838, at New-Orleans, there was a regular act of sale passed between the parties. It was made in the name of the firm of James H. M'Clure & Co., to the intervenor Edwards. The attachment of M'Clure's *interest*, was attempted to be made, on the 27th November, 1838, by the plaintiffs in this suit.

The parole evidence of the intervenor, showing that M'Clure had parted with his interest in the boat to third persons before issuing the writ of attachment, was objected to, on the ground that the intervenor must show title in himself, and not, in this suit, set up a claim for others; and also, that the sale of a steam-boat cannot be proved by parole evidence; and also, that the written sale to the intervenor, was subsequent in date to the attachment. The evidence, both parole and written, was received, and the plaintiffs' counsel excepted to the opinion of the court.

There was judgment for the intervenor, decreeing him the steam-boat which he claimed as owner, and the plaintiffs appealed.

*C. M. Jones*, for the plaintiffs, contended that the parole evidence of the sale of the steam-boat, was improperly received on several grounds. It was inadmissible in as much as the claimant should show a written title to himself, before the suing out of the attachment.

2. The parole evidence only goes to show that M'Clure parted with his interest in the boat to others or third persons, and not the intervenor. The latter should not be permitted to bring in other parties and show title in them.

3. The parole testimony is inconsistent with, and contradicts the written act of sale which is made and dated the 3d December, 1838, several days after the attachment was levied, by M'Clure and the other members of his firm, to the intervenor. This proves that he had not parted with his in-

terest or legal title in the boat at the time the attachment was served. He had in fact an attachable interest, and there should be judgment for the plaintiffs.

EASTERN DIST.
December, 1840.

SHIELDS, ET AL.
vs.
PERRY, M'CLURE
ET AL.

*Chinn*, for the intervenor, said that no bill of sale is necessary to pass the title to a ship. The evidence shows clearly that M'Clure had divested himself of all title to the boat, as early as May or June, 1838, and that the intervenor was in possession and made repairs as early as October, of that year. This was sufficient evidence of his right, and to enable him to hold the boat against M'Clure, or any other persons claiming under him.

*Simon, J.*, delivered the opinion of the court.

On the 27th of November, 1838, plaintiffs sued out a writ of attachment, which was levied on the steam-boat Echo, as the property of the defendant M'Clure. On the 6th December ensuing, Edwards intervened, claiming the ownership and possession of the boat, and prayed that the attachment be set aside, and that the boat be restored to his possession as his property. There was judgment in his favor in the court below, and the plaintiffs appealed.

We have first to notice a bill of exceptions taken to the opinion of the lower court, permitting the intervenor to prove that the ownership of the steamboat attached was not in M'Clure, but in third persons not parties to this suit, and it is insisted that the intervenor, claiming the ownership of the boat, must show title in himself, and that he cannot be allowed to interfere and set up a claim for third persons, who have not thought proper to do it for themselves. We are unable to perceive any weight in this objection: the intervenor does not claim the boat as the property of third persons, but as his own; and his object in producing the evidence, was clearly to show that M'Clure, having parted with his interest in the boat several months before the issuing of the attachment, and having transferred it to others, who afterwards sold it to the intervenor, the boat was not the property of M'Clure, at the time the attachment was levied. It was necessary for the

An intervenor may produce evidence to prove that the property attached had been transferred to third persons, before coming into his possession as owner, in order to show that the defendants had parted with their interest at the time of the attachment.

EASTERN DIST.
December, 1840.

SHIELDS ET AL.
vs.
PERRY, M'CLURE
ET AL.

intervenor to establish his claim of title as against the plaintiffs, and we see no good reason why he should have been precluded from showing that the property which he had acquired a written title to after the levying of the attachment, in execution of a previous verbal agreement, had ceased to be M'Clure's, long before the institution of this suit, and belonged to persons from whom the intervenor derives his said title. The objection was properly overruled.

Plaintiffs also complain that the judge *a quo* permitted parole evidence to be introduced, to prove the sale of the steam-boat to the intervenor, whilst there was better evidence consisting in a notarial act of sale.  The bill of exceptions taken to the opinion of the court, overruling the objection, shows that the act of sale was also offered to be produced, and we find a copy of it in the record.  The bearing of the evidence sought to be introduced, was to prove a verbal sale sometime previous to the written one, and anterior to the issuing of the writ of attachment, that is to say ; the written sale had been executed in compliance with a previous verbal contract.  It is well known and settled, that no bill of sale is necessary to pass and transfer title to a ship; *a fortiori* is the evidence legal, when the parole proof is so connected with the written one that the latter is nothing but the consequence of the first verbal agreement, and is resorted to, to show the date of the original contract, accompanied by the delivery and possession of the object sold.  The objection was certainly unfounded.

A bill of sale or written title, is not necessary to transfer title to a ship; and parole evidence of a sale may be offered, connected with a written title made in pursuance of it.

On the merits, we think the intervenor has sufficiently made out his title; no allegation of fraud and collusion is set up against him, he has shown that M'Clure, by act under private signature, dated 5th of May, 1838, had sold out his interest in the boat to his former partners ; that in September following, the intervenor took possession of the boat in consequence of a verbal agreement with his vendors; that he expended six hundred dollars in repairs on her ; that the execution of the contract was postponed until the boat should reach New-Orleans, and that a bill of sale was passed accordingly on the 3d December, 1838.  From these facts, we

Eastern Dist.
December, 1840.

must come to the conclusion, that the intervenor has shown title enough to resist the claim of the plaintiffs, or of M'Clure, under whom they necessarily claim, and no superior right having been exhibited, the judgment of the inferior tribunal ought to remain undisturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.