ARTEMON HILL and another *v.* The PHŒNIX TOW BOAT COMPANY.

Ships and other vessels are not susceptible of being mortgaged, except according to the laws and usages of commerce. The validity of an hypothecation of them will not be recognized in any other cases ; and there is no distinction in this respect between vessels trading with foreign ports, and those which do not leave the State.

Advances made to the owner, and applied to the use of a vessel, confer no privilege on the creditor. Such a claim is not embraced in any of the classes provided for by article 3204 of the Civil Code enumerating the debts privileged against ships or other vessels. The creditor is not subrogated to the rights of those whose privileged claims may have been paid out of the money advanced by him.

The object of an hypothecation bond is to procure the necessary supplies for vessels in distress in foreign ports, where the master and owners are without credit, and in cases in which, if assistance could not be procured by such means, the vessel and cargo might perish.

APPEAL from the District Court of the First District, *Buchanan, J.*

This case was argued by *Grima* for the appellants, and by *J. F. Pepin* for the appellees.

MORPHY, J. F. de Lizardi & Co. and L. Millaudon are appellants from a judgment rejecting their claims as privileged and mortgage creditors on the proceeds of the steamers Phœnix, Pilot, Shark, and Semaphore, sold on execution in this suit. In support of their opposition to the tableau of distribution of the proceeds of these boats, filed by the sheriff who made the sale, they have produced two notarial deeds of mortgage, in the ordinary form, executed for advances made and money loaned by them to the defendants. We have held that ships and vessels being moveables, are not susceptible of being mortgaged, except according to the laws and usages of commerce, and that we would recognize the validity of an hypothecation of a vessel only in those cases where it would be recognized by such laws and usages. *Malcolm et al. v. schr. Henrietta and others,* 7 La. 490 ; *Loze v. Dimitry, et al.,* Ib. 486 ; *Grant v. Fisk, et al.,* 17 Ib. 158.

Witnesses were produced by F. de Lizardi & Co. to prove that the funds arising from their loan to the defendants, were used for the payment of the most pressing claims against them, such as the wages of the hands and officers, wood bills, &c., and that

the Company could not have got along at all without this loan. From the act of mortgage, these advances appear to have been made, not for the necessities of any particular vessel, but, as the deed itself recites, " in order to facilitate the Phœnix Tow Boat Company in their affairs." The advances were to be made on the notes of the Company to the order of the lenders, duly *paraphed* by the notary, and payable at certain stated periods, and a mortgage on all the steamers belonging to the Company is stipulated to secure the punctual payment of these notes. It is impossible to view this transaction in any other light than that of an ordinary loan of money, to be secured by a mortgage. The funds have very probably been, at least partly, employed in paying debts contracted for the necessities of these boats, and to accomplish the ends for which the Company was created; but this cannot avail the lenders. In *Grant* v. *Fisk, et al.*, we held that a creditor for advances or loans in money made to the owner, and applied to the use of a vessel, has no privilege allowed him by law, because he is not subrogated to the rights of those whose privileged claims have been paid out of the money loaned. The claim of the appellants comes within none of the cases provided for by article 3204 of the Civil Code, by which privileges are allowed on the price of ships or other vessels. A distinction has been attempted to be drawn between ships trading with foreign ports, and those vessels which, like these steamers, ply only between the mouth of the Mississippi and New Orleans, without ever going out of the State ; and it is said that a mortgage of the latter should be held valid. If any such distinction were made, it should, perhaps, be to declare that tow boats, ferry boats, and such other craft as never leave the port to which they belong, remain within the rule of our municipal law, that moveables are not susceptible of mortgage, and do not come within the exception existing under the commercial law, which gives effect to the hypothecation of ships. The reasons on which the exception is founded can hardly be made to apply to vessels of that description. " The object of hypothecation bonds," remarks Chancellor Kent, " is to procure the necessary supplies for ships which happen to be in distress in *foreign* ports, where the master and owners are without credit, and in cases in which, if assistance could not

be procured by means of such instruments, the vessels and their cargoes must be left to perish."

As to the claim of the other appellant, Laurent Millaudon, the evidence shows that the mortgage was given, not to secure advances made for the use and necessities of the steamer Phœnix, but to raise money in order to pay a pre-existing debt of the Phœnix Tow Boat Company to John S. Walton. This information we have from the gentleman himself, who, as President of the Company, signed the deed of mortgage.

*Judgment affirmed.*