ARTEMON HILL and another *v.* FRANCISCO DE LIZARDI and others.

Ships and other vessels can only be mortgaged, in accordance with the laws and usages of commerce.

APPEAL from the District Court of the First District, *Buchanan,* J.

*J. C. Clarke,* for the plaintiffs.

*J. F. Pepin,* for the appellants. The case of *Hill and another* v. *The Phœnix Tow Boat Co., ante,* p. 35, decided that a mortgage of a vessel was not binding as to *third persons.* In this case the nullity is set up by a party to the contract.

MARTIN, J. The defendants are appellants from a judgment perpetuating an injunction, which the plaintiffs had obtained to prevent the sale of a steamboat of theirs under an order of seizure and sale, issued on an authentic act of mortgage given to defendants by the vendor of the plaintiffs. The counsel of the appellants has contended that their mortgage contains a clause *de non alienando,* and that by the act of sale by which the plaintiffs acquired the steamboat, they submitted themselves to the effect of the appellants' mortgage. It was admitted, that as to persons not parties, nor privies to the mortgage, its nullity might be urged; but argued that the plaintiffs' vendor, who gave the mortgage, and the plaintiffs who subjected themselves to its effect, are bound thereby.

It does not appear to us that the court erred. In the case of *Loze* v. *Dimitry et al.,* 7 La. 485, this court held that "ships and vessels are indeed susceptible of being mortgaged, but not like immoveable property. The mortgage of ships and vessels, or to speak more correctly, in the language of the Louisiana Code, art. 3272, the *hypothecation* of ships and vessels does not take place, like that of immoveable property and slaves, but according to the laws and usages of commerce. They are not mentioned in that part of the Louisiana Code which treats of legal and judicial mortgages, and not classed with immoveable property and slaves, as being susceptible of mortgage." The same principle

was recognized in the case of *Malcolm et al.* v. *Schooner Henrietta et al.*, Ib. 488, which was that of a conventional mortgage on a schooner, executed by the owner in favor of a creditor, to secure the payment of a debt, and duly recorded in the mortgage office. We there held that such a mortgage has no effect; and that ships are not subject to the same incumbrances which attach to immoveables, as lands and slaves, situated within the constant operation of the laws of the state. Finally, in the case of *Grant* v. *Fiol*, 17 La. 158, such a mortgage was declared to be a nullity.*

*Judgment affirmed.*

---

* See *Hill and another* v. *Phœnix Tow Boat Company*, ante, p. 35.