ISAAC LIBBY and HENRY D. BARTON

*vs.*

FRED W. BROWN.

Penobscot.    Opinion December 10, 1886.

*Limitations, statutes of. Payments on account. Entries of payments in account books. Evidence.*

Entries of partial payments in the hand-writing of a deceased partner, in the firm books, are not admissible in evidence as proof of payments, for the purpose of removing the bar of the statute of limitations, in an action by the firm to recover the balance of the account.

ON report, on the evidence introduced in behalf of the plaintiffs, with the stipulation that if the plaintiffs had made out a case, the action was to stand for trial.

Assumpsit on an account annexed. The opinion states the material facts.

*Davis and Bailey,* for the plaintiffs.

The plaintiff, Barton, who kept the books and owned the claim, is dead. It is proved by Libby, his former partner, that the books were kept by Barton, that these entries are all in his hand-writing, and that they are original entries.

The plaintiff has given the best evidence, and in fact all the evidence, his case is susceptible of. If Barton had been alive, his suppletory oath would be required, but being dead, his books are competent evidence. See *Leighton & al.* v. *Manson,* 14 Maine, 208, and cases cited; also Green. on Evidence, § § 117–122. The last section cited comments on the case of *Searle* v. *Barrington,* bearing somewhat upon the point in issue. See also *Dow* v. *Sawyer & als.* 29 Maine, 117, and *Pike* v. *Crehore,* 40 Maine, 503, as touching books kept by third parties, somewhat analogous in principle.

*Barker, Vose and Barker,* for the defendant, cited: *Cummings* v. *Nichols,* 38 Am. Dec. 501; *Bank* v. *Knapp,* 15 Am. Dec. 181; *Field* v. *Thompson,* 119 Mass. 151; *Somers* v. *Wright,* 114 Mass. 171; Abbott's Trial, Ev. 326; 1 Whart. Ev. § 685; *Towle* v. *Blake,* 38 Maine, 95; *Lancey* v. *M. C. R. R. Co.* 72 Maine, 34; *Wing* v. *Bishop,* 3 Allen, 456; *Faunce* v. *Gray,* 21 Pick. 243.

EMERY, J. This is an action by a surviving partner on an account stated. Assuming the account stated to be sufficiently proved, the action thereon is admittedly barred by the statute of limitations, unless the bar is removed by what are claimed to be partial payments.

The burden of proving such payments is on the plaintiff, and the only evidence of them he offers, are the entries of them as credits on the partnership books of the plaintiff's firm in the hand-writing of the deceased partner. Are such entries of credits admissible to prove a partial payment by defendant for the purpose of removing the statute bar, and if admissible, are they sufficient evidence for that purpose?

Where a person enters upon books, in regular course of business, what he himself does from day to day, such entries in certain cases are received as some evidence that the things were actually done. This, however, is an exception to the general rules of evidence, and is confined in narrow limits. It was said by BIGELOW, C. J., in *Townsend Bank* v. *Whitney*, 3 Allen, 455, that "a party is never permitted to introduce entries made by himself in support of his own case, except where they are offered to prove charges in shop books." We have found no case admitting entries of things purporting to be done by other persons who were antagonistic to him making the entry.

On the other hand, such entries as are offered in this case were offered and excluded in *Hancock* v. *Cook*, 18 Pick. 30. The opinion of Chief Justice SHAW in that case, we think states the law correctly and gives sound and satisfactory reasons.

It is true that it was formerly held, prior to any statute upon the subject, that an indorsement made by the holder on a note of a payment thereon, such indorsement being made before the debt was barred, was some evidence of such payment at the date of the indorsement. *Coffin* v. *Bucknam*, 12 Maine, 471. The doctrine of that case was soon after overthrown by statute R. S., 1841, ch. 146, § 23, now R. S., 1883, ch. 81, § 100, which declared that such indorsement shall not be sufficient evidence. We do not find that the rule of that case was ever extended beyond indorsements on the written evidence of debt. We do not think it should be. An indorsement upon the note or other written evidence of the debt, necessarily operates as a payment and to reduce the debt *pro tanto*. It becomes a part of the note. Mere credits upon a book have no such effect. The distinction between the two cases is fully recognized and stated in *Hancock* v. *Cook*, *supra*.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and HASKELL, JJ., concurred.