(Court of Appeal, Parish of Orleans.)

## JOHNSON IRON WORKS VS. JACOB MOOCK.

Prescription against the creditors of an insolvent is suspended by a cessio bonorum. The property ceded by the insolvent is the common pledge of his creditors, and that pledge continues as long as there are assets to be divided.

Appeal from First City Court, Division A.

Hall & Monroe and M. M. Lemann, for Plaintiff and Appellant.

Stafford, Lambert & Robinson for Defendant and Appellee.

ESTOPINAL, J.   The Johnson Iron Works sued the defendant, Jacob Moock, for Eighty-five Dollars and Twenty-five Cents ($85.25), averring that Jacob Moock and one George H. Spencer were joint owners of the boat "Columbia," upon which the plaintiff made repairs and furnished materials at the request of and for account of said owners; that said George H. Spencer was adjudicated a bankrupt and surrendered in his bankruptcy proceedings his one-half interest in the said boat, which was sold by the Trustees by order of Court, and adjudicated to Jacob Moock for the price and sum of Five Hundred and Twenty-five Dollars ($525.00); that said Moock paid only Two Hundred and Fifty Dollars ($250.00) of the said price of adjudication, retaining Two Hundred and Seventy-five Dollars ($275.00), which plaintiff avers is liable for the debts of George H. Spencer.

Plaintiff avers that he has a lien and privilege upon said boat, which primes all other privileges, and that this privilege attaches to the proceeds in the hands of said Moock, who is liable not only as adjudicatee, but as part owner of said boat as well.

Defendant interposed the plea of prescription, as well as an exception of no cause of action and one of vagueness, and in the alternative tendered the general issue.

The plea of prescription was sustained by the lower court, and plaintiff's demand was dismissed.

The statement of facts agreed to in this Court is as follows:

The Johnson Iron Works, on a date after April 1st, 1906,

and before April 13th, 1906, made certain repairs to the steamboat "Columbia." The owner of the boat at that time was George H. Spencer. On April 24th, 1906, Spencer sold a half interest in the boat to Jacob Moock, defendant herein. On August 9th, 1906, George H. Spencer was adjudicated a bankrupt by decree of the United States District Court for the Eastern District of Louisiana.

The inventory of this estate shows a half interest in the steamboat "Columbia." On October 17th, 1906, the Johnson Iron Works filed in bankruptcy proceedings its proof of claim, claiming a lien and privilege. On January 31st, 1907, the bankrupt's undivided interest in the boat was sold at public sale, and adjudicated to Jacob Moock, defendant herein, at the price and sum of Five Hundred and Twenty-five Dollars ($525.00). The said Moock declined to pay the price of adjudication on the ground that he held a vendor's lien mortgage upon the bankrupt's interest in the vessel, amounting to One Thousand Dollars ($1000.00), and a mortgage of Four Hundred and Fifty Dollars ($450.00), claiming that he was entitled to retain the amount of the adjudication price in his hands and apply the same to the satisfaction of his mortgage debts. The Trustee thereupon took a rule on said Moock to show cause why he should not be compelled to pay the price of adjudication.

After hearing on the rule, the Referee ordered Moock, without prejudice to any of his rights in the premises, to deposit with the Trustee the sum of One Hundred and Fifty Dollars ($150.00), to cover any and all costs which outrank his (Moock's) claim, imposing the condition that should this amount be sufficient to cover said costs and expenses, then Moock to make further deposits to meet such excess.

On July 29th, 1907, the Trustee having filed a final account, showing that the assets of the bankrupt had been consumed in expenses of administration and in the payment of privileges on particular articles, the bankruptcy proceedings were terminated by the discharge of the Trustee. On July 29th, 1907, the Johnson Iron Works instituted the present suit against Jacob Moock to compel him to pay its claim out of the proceeds of the price of adjudication retained by him and yet in his hands.

The claim of the Johnson Iron Works amounted to Eighty-Five Dollars and Twenty-five Cents ($85.25). This claim was not recorded either in the Parish Mortgage Office or in the Office

of the Collector of Customs. The Referee never passed upon the claim, and no payment on account from any source has been received by the Johnson Iron Works. No notice of the trial of the rule on Moock was ever served on the Iron Works, and it was not represented at such suit.

The facts in this case are not controverted, and questions of law only are submitted for our determination.

Defendant endeavors to defeat plaintiff's claim:

First—On the ground that plaintiff's privilege should have been recorded, and

Second—That the action, being prescribed by six months, plaintiff, who instituted this suit on January 29th, 1907, has no standing in Court, the services upon which the claim is based having been performed in April, 1906.

The question of recordation of the privilege against the boat necessarily involves the question as to whether a ship is a movable or an immovable.

We have examined with care the authorities submitted, and these unquestionably place ships in the category of movables, and they are so treated. 7 La. 485; 7 La. 488; 17 La. 158; Hill vs. Phoenix Boat Co., 2 Rob. 35; 16 La. 463.

It was not necessary, therefore, that plaintiff's privilege be recorded, and the purchaser of the vessel took it subject to privileges against it.

The contention by defendant that the claim should have been recorded under the provision of Article 2777 of the Civil Code is without merit, since it is evident that plaintiff's claim is predicated on Article 3237, and under this article recordation of the privilege is not required.

Passing to the question of prescription, we find that plaintiff, it is true, did not file this proceeding until more than a year had elapsed from the completion of the work, but we do find, and it is not disputed, that four months after the work was done, and before prescription had accrued, Spencer went into bankruptcy, and among other assets surrendered his one-half interest in the boat "Columbia." Johnson at once presented his claim to the Referee.

It does not appear that the Referee passed upon the claim, but this fact cannot prejudice plaintiff.

Spencer was adjudicated a bankrupt on the 9th of August, 1906, and the Trustee was discharged on July 29th, 1907. Immediately plaintiff filed the present suit against Moock, the ad-

judicatee at the sale, who retained in his hands part of the purchase price, claiming that he held a mortgage on the vessel.

It is contended by plaintiff that the time during which the bankruptcy proceedings were pending should be excluded in computing the prescriptive period.

We have examined the authorities submitted by counsel, and they leave no doubt in our minds as to its soundness.

We can do no better than to quote from the plaintiff's brief the extracts of authorities found therein, as follows:.

In Wilcox vs. His Creditors, 11 Rob. 346, the Court said (p. 348): "The plea of prescription cannot avail, as the insolvent made a surrender of his property within a year or two after any part of it was demanded."

And the head note states the proposition of law strongly:

"Prescription was interrupted by a *cessio bonorum* made by the debtor."

In West vs. His Creditors, 1 A. 365, the Court said (at p. 356, paragraph 3):

"The legal representatives of these parties are, in consequence of the eviction, subrogated to the rights of Van Pradelles against the insolvent, and as the cause of the eviction was anterior to the failure, their claim cannot be barred by prescription."

In West vs. His Creditors, 3 A. 529, the Court said (p. 531, 5th paragraph):

"This claim is not barred by prescription. The assets left by an insolvent are the common pledge of his creditors. That pledge continues as long as there are assets to be divided."

In Gas Light and Banking Company vs. Haines, Liquidator, 7 A. 114, the Court said (p. 116, last paragraph):

"It is plead and argued that a portion of the plaintiff's claim is prescribed. The company represented by the defendant has been insolvent and in a state of liquidation for years. There seems, therefore, but little ground for considering any part of the claim prescribed, as a suit could not properly be brought for the debt, but only steps be taken to enforce a speedy liquidation of the company by tableaux of distribution."

Succession of Henry Flower, 12 A. 216, where the Court said (at p. 217, last paragraph):

"Prescription against the creditors of an insolvent is suspended by a surrender of property. The property ceded is supposed to be given in pledge by the debtor to his creditors, and

319

while that pledge continues it is considered a standing acknowledgment of the debt."

Renshaw vs. Stafford, 30 A. 853, where the Court, on pp. 855-856, referred to the earlier decisions recognizing the interruption of prescription by a cession of property, and recognizing the soundness of the principle, applied it by analogy to the case of successions, notwithstanding the dictum to the contrary in the succession of Flower 12, A., 216, cited supra.

19 Am. and Eng. Ency. of Law, 2nd Ed. 218:

"Proceedings in bankruptcy amount to an injunction against any other proceedings against the bankrupt. * * * And for the time during such proceedings are pending the statute does not run in his favor." Loveland on bankruptcy, 3rd. Ed. p. 129.

In a note of the same authorities it is said:

"The surrender of his property by an insolvent debtor operates in Louisiana as a suspension of the statute of Limitations."

The theory of these authorities appears to be that a surrender of property by a bankrupt operates as a pledge for the benefit of creditors and as a standing acknowledgement of the debt.

As before stated it is immaterial whether the plaintiff was placed upon the schedule of the Referee or not. His position would be neither better nor worse if he had failed to present his claim in the Bankruptcy Court at all. The schedule is intended to give evidence of the debt, but the bankrupt's surrender is for the benefit of all his creditors whether noted on the schedule or not.

Thus it is that the filing of the claim in the Bankruptcy Court is not intended as a condition precedent to recover, the filing of same simply tending to interrupt prescription.

The privilege was alive when Moock purchased Spencer's interest in the boat, and Moock bought *Cum onere* and subject to plaintiff's claim, and the latter is entitled to assert it and recover it out of the proceeds held by Moock.

The judgment of the Lower Court is error, and must be reversed.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be, and the same is hereby reversed and set aside, and it is now ordered, that there be judgment in favor of plaintiff, and against defendant, for the sum of Eighty-Five Dollars and Twenty-Five Cents ($85.25), which leith legal interest

from judicial demand until paid, and all costs of Court.

June 22, 1908.

Rehearing refused June 30, 1908.

Writ'denied by Supreme Court, Aug. 18, 1908.