[No. 2527. Decided October 27, 1897.]

J. J. SCHLOTFELDT *et al., Respondents,* v. WALTER A. BULL *et al., Appellants.*

APPEAL — EXCEPTIONS TO FINDINGS — REVIEW OF RULINGS ON EVIDENCE — STATUTE OF LIMITATIONS — EVIDENCE OF REMOVAL OF BAR — INDORSEMENTS ON NOTE — CREDITS ON BOOK ACCOUNTS.

In the absence of exceptions to the findings of fact by the trial judge, the supreme court will not review the action of the lower court in admitting testimony over the objection of appellant.

The action of the trial court, in denying defendant the right to introduce such testimony as he may have bearing upon the issues of the case, is error warranting reversal.

An indorsement of partial payment made by the payee upon the back of a promissory note after the bar of the statute of · limitations was complete, is inadmissible in evidence, unless it is shown by other evidence that such payment had actually been made or that the payor had assented to the indorsement.

An entry by a creditor, ·upon his own books, of an alleged payment of an account by a debtor, is not admissible, in a suit against the debtor, to remove the bar of the statute of limitations.

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge. Reversed.

*Henry J. Snively*, for appellants.

*Edward Pruyn*, and *Frank H. Rudkin*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought in the year 1893, to foreclose a real estate mortgage executed to secure payment of a promissory note for $2,000 and interest, bearing date, Ellensburg, Washington, March 18, 1884, due twelve months thereafter. The statute of limitations began to run in March, 1895, and the complaint alleges that payments were made upon the note at various dates between 1884 and June, 1893. The answer denies the making of any payments, and pleads as affirmative defenses, first, that the statute of limitations has run against the note; and second, a counterclaim existing against plaintiffs' assignors. At the trial judgment and decree was entered for the plaintiffs, from which the defendants have appealed.

Various errors are assigned by appellants, relating to the introduction of testimony at the trial over their objection, but there were no exceptions to the findings and, under numerous decisions of this court, we are not permitted to review these rulings in the absence of exceptions to the findings. *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440); *Washington Brick, etc., Mfg. Co. v. Adler*, 12 Wash. 24

(40 Pac. 383); *Schlotfeldt v. Bull*, 17 Wash. 6 (48 Pac. 343).

After plaintiffs had rested and the court had overruled defendants' motion for a non-suit, the defendants proceeded to offer evidence, and having examined two witnesses and placed a third upon the stand, counsel for plaintiffs objected to any further testimony, and moved for judgment on the testimony of appellant Walter A. Bull. The motion for judgment was sustained, and this is assigned as error. Counsel for respondents in their brief say that, as a matter of fact, the court had heard all of the evidence offered by either party bearing upon the plea of the statute of limitations, and had overruled a motion to dismiss the action based upon that evidence; that the trial thereafter proceeded only as to the sufficiency of the counterclaim set up in the answer; that upon that issue the testimony of the appellant Bull had been received; that in the light of his testimony no recovery could be had upon the counterclaim, and that this was the condition of the case when the motion for judgment was made. But, unfortunately for the respondents, this contention is not borne out by the record. We quote the following from the statement of facts:

" Ben E. Snipes was called and sworn as a witness on the part of defendants.

" Mr. Rudkin on part of plaintiffs, objects to any further testimony, and moves for judgment on the testimony of the defendant himself

" Mr. Snively [attorney for appellants] wants to offer further testimony in regard to this account and as to all the other allegations of the answer, except the distribution of the $16,000, which is not allowed by the court, and Mr. Snively excepts.

The judge then made the following ruling:

" Upon the statement of counsel that they have no further proof to offer regarding the item of $16,000 mentioned in the fourth paragraph of defendants' answer, and referred

to in the items of account as cash paid Snipes, June ·7th, 1893, but does desire to introduce proof regarding the remainder of the allegations of the answer, the court sustains the motion of the plaintiff for judgment upon this answer and proof against the defendant.

" To which ruling the defendants except, which exception is allowed by the court."

We think that the court could not rightfully anticipate what evidence might be offered by the defense, and it was the right ·of counsel to introduce such evidence as he had bearing upon any or all of the issues. Instead of waiving ·that right, the record shows that he claimed the right "to offer further testimony in regard to this account, and *as to all the other allegations of the answer.*"

Inasmuch as the cause must be remanded for a new trial, we have deemed it advisable to notice some of the rulings of the court permitting testimony to be introduced over the objection of appellants, in order that the errors, if any, may be avoided upon such new trial. The first of these relates to the ruling of the trial court permitting the indorsements upon the note to be received without any other evidence of the fact of payment or of the assent of the defendants. In. *Haver, Admr., v. Schwyhart,* 39 Mo. App. 303, it was remarked:

" But is the indorsement alone evidence that the payment was made at the time stated in the indorsement? . We think not. There should be other evidence showing that the indorsement was entered on the note at the time it purports to have been. . . . In order then for the indorsement to be competent evidence in the case at bar, it must be shown *aliunde* the indorsement itself, that it was made by the holder or by his direction, before the statute had run."

And in *Mills v. Davis,* 113 N. Y. 243 (21 N. E. 68), it was held:

" That an indorsement on the note of part payment by the payee is insufficient where there is no extrinsic proof of the time when the indorsement was made, or evidence of explanatory circumstances."

See also 13 Am. & Eng. Enc. Law, 752, under title "Indorsements," and authorities there collated.

The court also, over the objection of defendants, permitted plaintiffs to introduce certain books kept by the banking firm of Ben E. Snipes & Co., plaintiffs' assignors, for the purpose of showing payments made on account of the notes. The evidence was inadmissible for the same reason that the indorsements on the note were inadmissible; they were merely self-serving, and not against the pecuniary interest of the party making them. To allow the books to be introduced under the circumstances of this case would but permit a person to make evidence for himself.

" An entry by a creditor, upon his own books, of an alleged payment of an account by a debtor, is not admissible, in a suit against the debtor, to remove the bar of the statute of limitations." Libbey v. Brown, 78 Me. 492 (7 Atl. 114).

The court in that case quotes approvingly what is said by Chief Justice BIGELOW in Townsend Bank v. Whitney, 3 Allen, 455, viz:

" A party is never permitted to introduce entries made by himself in support of his own case, except where they are offered to prove charges in shop-books."

In Oberg v. Breen, 50 N. J. Law, 145 (12 Atl. 203), a suit on a book account, which was admitted to be barred by the statute of limitations unless the plaintiff's book of account was evidence of payment on such claim, it was said:

" To bridge over this long period, the book contained a numerous train of credits of moneys paid. The book was proved as a book of original entries, and was offered to prove the account and the credits. It was rejected at the

trial as evidence for the latter purpose. This decision, in my opinion, was clearly right. A man's book is not testimony in his own favor touching the receipts of money by him."

Other rulings complained of were not, in our opinion, erroneous, but, for the reasons stated, the judgment and decree must be reversed and the cause remanded.

SCOTT, C. J., and REAVIS, ANDERS and DUNBAR, JJ., concur.