Belknap, }
Dec., 1899. }

SMITH v. WELLS, *Adm'r, Ap't.*

In an action against an administrator by the indorsee of a promissory note, a residuary legatee of the original payee, who has given a bond to pay the debts of the testatrix, is not disqualified as a witness under section 16, chapter 224, of the Public Statutes.

An indorsement by the holder of a promissory note, of a payment purporting to have been made thereon at a particular date, is not of itself sufficient evidence of the date of payment to avoid the bar of the statute of limitations.

PROBATE APPEAL. Facts found by a referee, who reports as follows:

This case is an appeal by the administrator of the estate of Sarah T. Sargent, who died February 26, 1897, from the allowance by the commissioner on her estate, of a promissory note of the following tenor:

" In consideration of money loaned me at different times, and for other good and valuable consideration, in all to the value of one thousand dollars, I promise to pay Mrs. Anna P. Gordon, or her order, on the first day of January, 1890, one thousand dollars, with interest annually from the date hereof.

" Gilford, July 12, 1887.                    Sarah T. Sargent."

The note bears the following indorsements : "Anna P. Gordon." "Received twenty dollars, March 16th, 1892." It was indorsed by Gordon and delivered to the plaintiff, November 12, 1887.

Two grounds of defence were relied upon — a failure of consideration, and the statute of limitations. The defendant first offered his plea of the statute of limitations at the hearing. Against the plaintiff's objection that it was late and, under all the circumstances, ought not to be allowed, the referee admitted the plea, and the plaintiff excepted. The discretion of the referee in admitting the plea is reserved.

The plaintiff produced the note and put it in evidence. The referee finds that the *prima facie* evidence of consideration, contained in the note itself, is sufficient to overcome all opposing testimony.

The defendant objected to the testimony of Albertus S. Gordon, on the ground that he was a party in interest, within the intent of the statute excluding the testimony of a party where the adverse party is an administrator and declines to testify ; and offered to prove that the witness was the husband of Anna P. Gordon, executor of her will and her residuary legatee, that he had filed in the probate court a bond to pay debts and legacies, and therefore was personally liable under her indorsement of the note in case the plaintiff failed to recover in this suit. The plaintiff admitted that the witness was husband, executor, and residuary legatee of Anna P. Gordon, and had filed a bond as alleged. The referee ruled that the witness was competent, and the defendant excepted.

Subject to the defendant's exception, Gordon testified to the signature of his wife on the back of the note, that the defendant's intestate in his presence paid his wife twenty dollars to be applied on the note, and that a few days later his wife in his presence paid the same to the plaintiff to be indorsed on the note.

The plaintiff was requested by his counsel to examine the indorsement of twenty dollars, to state in whose handwriting it was, and whether he received a payment on the note from Mrs. Gordon ; also, if he at any time received a payment of twenty dollars, or any other sum, and if so, when. The questions were excluded, and the plaintiff excepted.

Upon the foregoing evidence the plaintiff rested, and the defendant moved for a nonsuit which was denied, subject to his exception. The plaintiff subsequently testified without objection that the indorsement of twenty dollars upon the note was in his handwriting.

The referee finds that the defendant's intestate did not know that her note had been transferred to the plaintiff. He further finds, on the testimony of Gordon, that the defendant's intestate

paid Mrs. Gordon twenty dollars, to be applied on the note, and that the latter paid the same to the plaintiff a few days later. Upon that part of the plaintiff's testimony which was admitted without objection, he finds that the indorsement of twenty dollars was made by the plaintiff. If, in connection with the foregoing findings, the date of the indorsement is evidence of the time when it was actually made, then he finds that a new promise was made by the defendant's intestate prior to that date, and that the plaintiff is entitled to judgment for the amount of the note according to the tenor thereof and the indorsement thereon.

If the admission of Gordon's testimony was erroneous, or if it is held that the indorsement of twenty dollars cannot itself be considered as competent evidence bearing on the question of its true date, then the referee finds that a new promise has not been established, and that the plaintiff is not entitled on the evidence, as it now stands, to recover.

If the court holds that the evidence of Gordon was properly admitted, but that, in view of all the other legal evidence, the date of the indorsement of twenty dollars cannot be considered as evidence of the time when it was actually made, and if it be further held that the questions propounded to the plaintiff were improperly excluded, then this report should be recommitted for the purpose of admitting such testimony.

Both parties move for judgment on the report.

*Jewell, Owen & Veazey* and *Jewett & Plummer*, for the plaintiff.

*Napoleon J. Dyer, E. A. & C. B. Hibbard*, and *Stone & Shannon*, for the defendant.

BLODGETT, C. J. Gordon was a competent witness. He was not a party of record, nor was he a party in interest within the language or intent of the statute (P. S., c. 224, s. 16) excluding the testimony of a party where the adverse party is an administrator, etc., and declines to testify.

To disqualify a person as a witness against an administrator under this statute, it must be shown "that he is the party in interest, — the party who really carries on the controversy, under a party who has no interest in it, and is merely a nominal party, or under one who is fully indemnified." *Townsend* v. *Riley*, 46 N. H. 300, 308, 309 ; *English* v. *Porter*, 63 N. H. 206, 215. He must be directly interested in the subject-matter of the suit, and have "a right to make defence, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on

the other side. Persons not having these rights are regarded as strangers to the cause." 1 Gr. Ev., s. 523; *Carlton* v. *Patterson,* 29 N. H. 580; *Wheeler* v. *Towns,* 43 N. H. 56, 57.

Upon the principles of these as well as other authorities, Gordon cannot properly be regarded as a party simply because he is the residuary legatee of the original payee of the note and gave bond to pay her debts and legacies. His indirect and contingent liability, if any, to pay the note, gave him no right to make defence to the pending suit, " to control the proceedings, to appeal from the judgment, or to take exceptions to the rulings of the court, produce testimony or cross-examine witnesses," nor make him liable for costs. *Wheeler* v. *Towns, supra.* At most, the objection to his testimony goes to its weight merely. Nor do we preceive any objection to that part of it which was admitted subject to special exception.

The plaintiff's exception to the admission of the defendant's plea of the statute of limitations is overruled. Its allowance was not erroneous as matter of law; and whether justice required it, was a question of fact upon which nothing appears tending to show that the referee's discretion was not properly exercised.

The motion for a nonsuit should have been granted. While the note itself afforded *prima facie* evidence of consideration, and while there was also evidence tending to show that the deceased made a payment to be applied upon it, there was no evidence whatever that the payment was made or indorsed within six years next before the commencement of proceedings for collection of the note, unless the indorsement might of itself be considered by the referee as competent evidence of the true date thereof, and sufficient, in the absence of evidence to the contrary, to take the case out of the operation of the statute of limitations. But it is well settled that he could not properly give such effect to the indorsement. Standing alone, as it did, and in the handwriting of the plaintiff, it was not evidence that any payment was made at the time of its date. *Marshall* v. *Daniels,* 18 N. H. 364, 365; *Wheeler* v. *Robinson,* 50 N. H. 303, 304, 305; *Clough* v. *McDaniel,* 58 N. H. 201. Both in principle and upon authority, a party cannot be permitted to put in evidence his declarations or writings in his own favor when such declarations or writings may have been made for the very purpose of creating the evidence.

The questions propounded to the plaintiff by his counsel were properly excluded.

As the case now stands, there must be

*Judgment on the report for the defendant.*

All concurred.