[No. 23007.    Department Two.    July 13, 1931.]

A. E. Stewart, *Respondent,* v. M. M. Kelliher *et al.,*
*Appellants.*[1]

*Neil C. Bardsley,* for appellant.
*Turner, Nuzum & Nuzum,* for respondent.

Beals, J.—Plaintiff sued defendants upon a promissory note, dated August 5, 1921, executed by defendant M. M. Kelliher, for the sum of four thousand dollars, payable on or before one year after date to plaintiff's order.   From a judgment in favor of plaintiff, rendered by the court sitting without a jury, defendants appeal.

The note sued upon bears the following indorsement:   "Paid on this note November 27, 1922, Cash on

[1]Reported in 1 P. (2d) 299.

Insurance Premium, $96.00 by M. M. Kelliher.'' The complaint was filed November 26, 1928, and it is apparent that, unless the life of the note sued upon was extended by the indorsement hereinabove referred to, the full period of the statute of limitations had run prior to the commencement of the action.

Appellants, in the first place, contend that the money advanced by respondent, represented by the note sued upon, was, in fact, loaned by respondent, through Mr. Kelliher as his agent, to the J. B. Ingersoll Company, a dealer in motor trucks, and that notes taken by Mr. Kelliher, to his own order, from the Ingersoll Company were, in fact, the property of respondent, and that later Mr. Kelliher, at respondent's suggestion, executed the note sued upon, which was without consideration and was executed solely for respondent's accommodation. In this connection, appellant Amy Kelliher, the wife of appellant M. M. Kelliher, contends that, in any event, the community composed of herself and her husband is not liable for the judgment rendered, the same being upon a promissory note, signed by her husband alone, merely for the accommodation of respondent. In our opinion, it clearly appears from the evidence that the transactions which resulted in the giving of the note sued upon were such as resulted in Mr. Kelliher becoming indebted to respondent in the amount represented by the note, and that the note was not given for accommodation, but as evidence of an actual indebtedness.

It also clearly appears that the community composed of Mr. and Mrs. Kelliher profited to some extent by Mr. Kelliher's activities in this connection, by way of a commission received from Ingersoll, and that, therefore, it must be held that the note represents a community obligation. The testimony on this branch of the case is to some extent in conflict, but we are de-

cidedly of the opinion that the findings of the trial court are amply supported by the evidence.

A question of greater difficulty is presented by appellants' contention that the indorsement above referred to was improperly made, that no payment on the note was made by appellants on the date mentioned in the indorsement, or at any time, and that the note is barred by the statute of limitations. It is admitted that the indorsement was made by respondent, who testified that it represents the amount of the premium on a policy of fire insurance written in respondent's favor, through Mr. Kelliher as agent; it having been agreed between the parties that the premium, amounting to ninety-six dollars, should be paid by Mr. Kelliher, and the amount thereof credited as a payment on the note in suit. Mr. Kelliher admits that he paid the premium, but contends that he was to be reimbursed therefor by respondent. Respondent suffered a loss under this policy, which was paid without any deduction of anything on account of the premium, either by the insurer or appellant Kelliher.

Respondent contends that the premium was paid by Mr. Kelliher under the agreement above referred to, and Mr. Kelliher does not contend that the amount thereof was ever repaid to him by or on behalf of respondent. Examination of the record convinces us that Mr. Kelliher paid this premium under an agreement between the parties that the amount of the premium should be credited by respondent upon the note in suit, and that respondent has met the burden resting upon him to prove that the indorsement represents a voluntary payment, sufficient to start anew the running of the statute of limitations.

Finally, appellants vigorously contend that, if such an arrangement was made between the parties, it was made prior to November 27, 1922, and that the

indorsement was incorrectly dated, in that it should have been made not later than November 24, 1922, and that the note is therefore barred. Mr. Kelliher introduced testimony to the effect that he was absent from Spokane on the twenty-seventh day of November, 1922, and could not have made any payment or any agreement with respondent on that date. On this point, the court made the following finding:

"That no part of said note has been paid except the sum of ninety-six dollars ($96.00) paid thereon within three or four days subsequent to November 27, 1922, said payment being an insurance premium owing by the plaintiff herein, and paid by defendant, M. M. Kelliher, at the request of plaintiff, and said defendant M. M. Kelliher notifying said plaintiff of said payment after the return of said defendant from Curlew, Washington, which return was a day or two subsequent to November 27, 1922, and that said payment was endorsed upon said note by plaintiff at the request of the defendant M. M. Kelliher as having been made on November 27, 1922."

It is not contended that the indorsement is of recent origin, and we are satisfied that it was written on or about the time it purports to have been made, at which time the exact date was entirely immaterial. The insurance policy was dated November 24, 1922, but, in our opinion, the testimony preponderates in favor of the finding of the trial court above quoted, to the effect that the indorsement was made on the date stated therein, or shortly thereafter.

Being of the opinion that the trial court correctly determined the issues presented for adjudication, we affirm the judgment of the superior court.

TOLMAN, C. J., MILLARD, BEELER, and HOLCOMB, JJ., concur.