[No. 31471. Department Two. January 4, 1951.]

JAMES F. WICKWIRE, as Trustee, Appellant, v. EMMA G. REARD et al., Respondents.[1]

[1]Reported in 226 P. (2d) 192.

*Nat W. Washington,* for appellant.

*Moe & Huse,* for respondents.

HAMLEY, J.—James F. Wickwire, as trustee of the estate of L. H. Pruitt, deceased, brought this action to enforce payment of a promissory note for two thousand dollars, and to foreclose a mortgage securing the note.

The note was executed on February 1, 1923, and by its terms became due on February 1, 1926. Plaintiff alleged that several interest payments were thereafter made, the last one being made on December 21, 1942. The complaint was filed on December 20, 1948, or one day less than six years after the last alleged interest payment. The only defense was the statute of limitations, it being denied in the answer that an interest payment tolling the statute of limitations was made on December 21, 1942.

Defendant Mildred Reard was dismissed from the case, apparently without objection, prior to the trial. We will herein refer to Emma G. Reard and John A. Reard as if they were the only defendants. Following a trial to the court without a jury, judgment was entered on January 31, 1950, in favor of defendants. Plaintiff's motion for a new trial was denied on February 6, 1950. This appeal was then taken.

■ Appellant's statement of facts was filed in the superior court on June 12, 1950. This was more than ninety days after the entry of the judgment from which this appeal was taken. Under rule 9, paragraph (1), Rules of Court, 18 Wn. (2d) 9-a, and numerous decisions of this court, it is therefore necessary for us, on our own motion, to strike the statement of facts. See *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20; *Neill v. Bennett,* 34 Wn. (2d) 128, 208 P. (2d) 137; *Potts v. Nelson,* 36 Wn. (2d) 764, 220 P. (2d) 544; *James v. Berger, ante* p. 261, 222 P. (2d) 855. We accordingly do so.

■ In the absence of a statement of facts, the only question before us is whether the findings of fact made by the trial court support the judgment, the findings of fact being conclusively presumed to be correct. *In re Levas' Estate,* 33 Wn. (2d) 530, 206 P. (2d) 482; *Traverso v. Traverso,* 34 Wn. (2d) 844, 210 P. (2d) 410; *Browne v. Anderson,* 36 Wn. (2d) 321, 217 P. (2d) 787.

The judgment was based upon a conclusion of law that the action is barred by the statute of limitations.

The facts bearing upon this point, as found by the trial court, are that (1) an interest payment was made on December 28, 1937 (when the note was admittedly in good standing in so far as the statute of limitations is concerned); (2) on December 21, 1942, T. J. Cook, the then holder of the note, having received a fifty-dollar payment in the form of a check drawn on the Spokane bank account of one of the makers, endorsed a notation on the note; (3) the notation read "Dec. 21, 1942, Credit by check $50.00"; and (4) Cook died in June, 1943.

Respondents contend, and the trial court concluded, that these facts do not establish, *prima facie,* that an interest payment was actually made on December 21, 1942. Since it was necessary for appellant to prove this in order to toll the statute to December 20, 1948, when the complaint was filed, the trial court concluded that the statute of limitations applied, and dismissed the action.

■ The burden of proving that a voluntary payment was made at a time which would toll the statute rests upon the party asserting it. *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974; *Stewart v. Kelliher,* 163 Wash. 388, 1 P. (2d) 299; *Stockdale v. Horlacher,* 189 Wash. 264, 64 P. (2d) 1015; *Cannavina v. Poston,* 13 Wn. (2d) 182, 124 P. (2d) 787; *Walker v. Sieg,* 23 Wn. (2d) 552, 161 P. (2d) 542.

■ However, on the question of whether the payment was voluntary, the evidence must be more strictly construed where the statute has already run, than where the payment is made while the indebtedness is still in good standing. *Pinnell v. Copps,* 149 Wash. 578, 271 Pac. 882. The note here in question was in good standing on December 21, 1942.

■ The plaintiffs in this type of litigation, as in the instant case, frequently seek to maintain the burden of proof by showing, as the sole proof or among other things, that a credit in favor of the debtor has been entered on the creditor's books of account, or endorsed on the promissory note or other evidence of indebtedness. Where such evidence is submitted, it is important to bear in mind that it is the fact of partial payment, and not the formal entry of credit, which tolls the statute. *Arthur & Co. v. Burke, supra; Cannavina v. Poston, supra; Walker v. Sieg, supra.*

Numerous court decisions, including several by our own court, have dealt with the question of whether, or under what circumstances, a credit endorsed on a promissory note is *admissible* or *sufficient* evidence of a part payment on the indebtedness for the purpose of tolling the statute. Many of these cases are collected in an annotation in 59 A. L. R. 903.

In the instant case, the statement of facts is not before us and we must therefore assume that the findings of fact are based upon competent and legally admissible evidence. Hence, the only question before us is as to the *sufficiency* of those findings to establish, *prima facie,* that a payment on the note was made on December 21, 1942, thereby tolling the statute to December 21, 1948.

Nevertheless, it will be helpful to consider the cases dealing with admissibility as well as those dealing with sufficiency, since the underlying reasoning employed by the courts seems to be the same. 34 Am. Jur. 271, Limitation of Actions, § 348; 59 A. L. R. 914. Thus, courts which would consider such evidence admissible as being a declaration against pecuniary interest and so not subject to exclusion under the hearsay rule, would probably also consider such evidence as having, for the same reason, sufficient probative value to establish a *prima facie* case. Many decisions, in fact, which use the terms "admissibility" and "competency" really seem to be dealing with a question of the sufficiency of the evidence.

The findings of fact indicate that an interest payment was definitely made on December 28, 1937. The note was therefore in good standing, in so far as the statute of limitations is concerned, until December 28, 1943. See Rem. Rev. Stat., §§ 157, 177 [P.P.C. §§ 73-5, 11-47]. Mr. Cook died in June, 1943, while the note was still in good standing. The court actually found that he made this endorsement on December 21, 1942 (the date appearing in the endorsement). This was more than a year before the statute would have run, following the interest payment of December 28, 1937. It is therefore established, *aliunde* the endorsement itself, that the holder made the endorsement prior to the running of the statute.

The courts, generally, are in disagreement as to the *sufficiency* of evidence of this character to establish the fact that a voluntary payment was made on the date indicated in the endorsement. 34 Am. Jur. 271, Limitation of Actions, § 348; annotation, 59 A. L. R. 914. On the

question of *admissibility*, however, where much the same reasoning is employed, the rule definitely prevails that such an endorsement, accompanied by such extrinsic proof that the endorsement was made before the bar of the statute attached, is competent evidence. 5 Wigmore on Evidence (3d ed.) 273, § 1466; 34 Am. Jur. 270, Limitation of Actions, § 347; 59 A. L. R. 905.

The first Washington case touching upon the problem is *Schlotfeldt v. Bull,* 18 Wash. 64, 50 Pac. 590. The note there in question was due in March, 1885 (the printed report erroneously reads 1895). The statute of limitations would therefore have run by March, 1891. The action was brought in November, 1893. Accordingly, the action was barred unless the statute had been tolled by payments made within six years of the bringing of the action. To establish this, plaintiff offered and the court received evidence of endorsements of payments dated in 1884 and 1893. Plaintiff produced no evidence, other than the endorsements themselves, to prove that the endorsements had actually been made, or the payments actually received, on the dates indicated by the endorsements.

It was held that the evidence of such endorsements was inadmissible, because not supported by other evidence that the endorsements were actually made on the purported dates. The court, at page 67, quoted with approval *Haver, Admr. v. Schwyhart,* 39 Mo. App. 303, as follows:

" 'But is the indorsement alone evidence that the payment was made at the time stated in the indorsement? We think not. There should be other evidence showing that the indorsement was entered on the note at the time it purports to have been. . . . In order then for the indorsement to be competent evidence in the case at bar, it must be shown *aliunde* the indorsement itself, that it was made by the holder or by his direction, before the statute had run.' "

In the *Haver* case, the only evidence offered to prove that the statute had been tolled by payments was the endorsements of payments written on the note. As indicated above, the court held this evidence not competent to es-

tablish the date of payment, in the absence of other extrinsic evidence showing that the endorsement was made before the statute had run. Indicating why the suggested extrinsic evidence would be considered sufficient to establish the admissibility of the endorsements, the court said:

"If the endorsement of a credit is in fact made by the holder of a note *before* it is barred, it will be evidence of payment made by the payor, for it is then against the interest of the holder to admit the credit. It will not be presumed he would enter a false credit while the note is alive in order to continue its life, when he could just as well begin his action." (p. 305).

Our court, in the *Schlotfeldt* case, also quoted and relied upon *Mills v. Davis*, 113 N. Y. 243, 21 N. E. 68, 3 L. R. A. 394. Examination of the *Mills* case reveals a situation similar to the *Haver* case—no evidence was offered, *aliunde* the endorsement, that the endorsement was actually made on the purported date. In the *Mills* case, as in the *Haver* case, the court indicated that the endorsements would have been admissible if extrinsic proof had been offered that the endorsements were actually made before the statute had run.

It is to be observed that the *Schlotfeldt* case is concerned with the *admissibility* of such evidence, rather than its *sufficiency*. But, as indicated above, the underlying reasoning of the courts is the same in both classes of cases.

It may therefore be said that the *Schlotfeldt* case sanctioned a rule as to admissibility which is also, by implication, and for good reason, applicable in determining the sufficiency of such evidence. That rule, thus broadly stated, is that where there is evidence *aliunde* the endorsement that the same was made prior to the bar of the statute, such endorsement constitutes a declaration against pecuniary interest and is admissible and *prima facie* evidence that a voluntary payment was made on the purported date.

None of our decisions since then lays down a contrary rule, although the language used in some of them, when read out of context, might appear to do so. After the *Schlotfeldt* case, the problem next arose in *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974. In that case, it appeared that, prior to the making of the notes, the maker consigned certain merchantable goods to the holder, to resell and credit the proceeds to the account of the maker. Some ten years later the holder resold the goods and credited the proceeds against the notes. Endorsements of such credits, entered on the notes, were introduced as evidence to prove that payments were made on the dates stated in the endorsements. An officer of the company which held the notes testified, however, that the goods were probably all sold prior to these dates.

For this reason, and because the court found that the maker never intended these credits as payments on the notes, it was held in the *Arthur* case that this endorsement was not competent evidence of voluntary payments on the purported dates. In the course of the opinion the court said:

"The indorsement by the holder of a note of a payment thereon is not competent evidence of the true date of payment so as to take it out of the operation of the statute. *Smith v. Wells,* 70 N. H. 49, 46 Atl. 51; *Schlotfeldt v. Bull,* 18 Wash. 64, 50 Pac. 590." (p. 694)

This is an accurate statement of the rule where there was, as in the *Arthur* case, no evidence supporting the claim of a voluntary payment on a specified date other than the endorsement. In the *Arthur* case, not only was there no other *supporting* evidence, but there was very substantial evidence contradicting the endorsement, as outlined above. No extrinsic evidence had been offered tending to show that the endorsement was made prior to the running of the statute. Hence the court was not called upon to pass upon the admissibility or sufficiency of endorsements corroborated in this manner. The court's statement cannot therefore be regarded as holding that endorsements, so supported, are inadmissible. It will be

noted that the court cited the *Schlotfeldt* case as authority for its statement. We have already seen that the *Schlotfeldt* case sanctions the broader rule.

The above-quoted statement in the *Arthur* case appears to be based upon a headnote to *Smith v. Wells,* 70 N. H. 49, 46 Atl. 51, which is cited in the above quotation. Examination of this case indicates that the headnote narrowed and restricted the actual holding. The real substance of the *Smith* case is that an endorsement *standing alone* is not competent evidence of the true date of payment. We do not know what that court would have held had extrinsic evidence been offered showing that the endorsement was entered while the note was in good standing. But, had this been done, it would not have been a case of the endorsement standing alone, and the rule thus announced, and as further restricted by the headnote, would certainly not be applicable.

Our court next considered the problem in *Floe v. Anderson,* 124 Wash. 438, 214 Pac. 827. This case and *Stewart v. Kelliher, supra,* are the only Washington decisions in which the specific question was as to the sufficiency of the evidence rather than its admissibility. Supporting the recital of payment contained in the endorsement in the *Floe* case, there was the testimony of a distinterested witness that on that date the holder had a settlement with the maker, and that he saw the holder on that date make the endorsement on the note. There was also testimony indicating that on the same date the maker gave the holder a second note. All of this evidence, taken together, was held to be sufficient to establish the payment on the date stated in the endorsement. The court said:

"If the endorsement of the payment of interest stood alone and was unsupported by evidence as to the time and circumstances of the making of it, a more serious question would be presented, but, the endorsement having been made long before an action on it was barred, and under the other circumstances testified to, it was for the jury to say whether or not the payment was made. *Haver v. Schwyhart,* 39 Mo. App. 303; *Mills v. Davis,* 113 N. Y. 243,

21 N. E. 68, 3 L. R. A. 394; Ann. Cas. 1913A 1223-1224; 17 R. C. L. 932." (p. 441)

In *Catlin v. Mills,* 140 Wash. 1, 247 Pac. 1013, 47 A. L. R. 545, it was held that where there is no proof as to who made the payments, endorsements will be taken merely as self-serving declarations and not of any weight in tolling the statute. In *Stewart v. Kelliher, supra,* the court held, on conflicting evidence, that the endorsement represented a voluntary payment and was entered on the note at or prior to the date of such payment.

*Cannavina v. Poston,* 13 Wn. (2d) 182, 124 P. (2d) 787, in a preliminary statement of principles, reiterated the statement from the *Arthur* case, quoted above, citing that case as authority. However, the court then went on to hold that the facts fairly preponderated in favor of the contention that the payment was made in time to toll the statute. The holder had testified that the endorsement was actually entered on the note shortly after the payment was made and long before the statute had run. He had also testified that payment was made in the form of fifty dollars in cash and one hundred dollars representing the value of real property transferred from the maker to the holder and evidenced by a recorded deed. Appraising all of this testimony, the court said:

"Having in mind that the time this payment was made was long before the statute had run against the note, and was not a case of a claimed payment made and credit given on the last day the statute had to run, and considering the interest of the parties to this litigation, we are unable to reach any conclusion other than that the payment was made as testified to by Dr. Poston." (p. 191)

The last Washington case in this series is *Walker v. Sieg,* 23 Wn. (2d) 552, 161 P. (2d) 542. The court first reviewed the applicable legal principles, and in this connection quoted that portion of the *Cannavina* opinion which had reiterated the rule announced in the *Arthur* case. The testimony was then discussed. The guardian of the holder of the note testified that he made the endorsements on the holder's behalf at the times indicated, which were prior

to the running of the statute. However, he further testi-fied that these endorsements did not represent cash received by the holder, but were credits given in con-sideration of produce given the holder by the maker. The court held that, in view of this extrinsic evidence, it had not been established that the credits noted in the endorse-ments represented voluntary payments on the note.

In the instant case, unlike the *Walker* and *Arthur* cases (where the statute was held not to be tolled), the court's findings of fact failed to state any circumstance tending to contradict the fact or time of payment as recited in the endorsement. Nor is this case on the same footing as the *Schlotfeldt* or *Catlin* cases, where the plaintiff relied solely upon the endorsement and offered no extrinsic evi-dence, the court holding that the statute was not tolled.

In our case the findings of fact reveal two circumstances, proven *aliunde* the endorsement, tending to add probative value to that notation. One of these is the finding that, at the time Cook made this endorsement, he was in re-ceipt of a fifty-dollar payment in the form of a check drawn on the Spokane bank account of one of the makers. This is strong circumstantial evidence that a voluntary payment was made on the note.

The other and still more important corroborating cir-cumstance stated in the findings is that Cook actually made the endorsement on the indicated date, this being prior to the running of the statute. At that time there would have been no reason for him to endorse a payment when none had been received, as this would have been against his pecuniary interest. Nor would there have been any then perceivable advantage to him in post-dating the pay-ment instead of recording the actual date. It is to be re-membered, also, that the court found that the endorse-ment was made more than a year prior to the running of the statute. Accordingly there is no need to consider the implication in the *Cannavina* opinion that the endorse-ment would be entitled to less weight if the claimed pay-ment was made on the last day the statute had to run.

■ Underlying our appraisal of the issues before us is the long-standing rule in this state that the statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the facts should be strained in aid of it. *Hein v. Forney,* 164 Wash. 309, 2 P. (2d) 741, 78 A. L. R. 631; *Bain v. Wallace,* 167 Wash. 583, 10 P. (2d) 226; *Cannavina v. Poston, supra.*

■ In view of all of these considerations, and consonant with the rule sanctioned in the prior decisions of this court, we believe that the findings of fact here established, *prima facie,* that a voluntary payment was made on the note on December 21, 1942, and that the statute of limitations was therefore tolled to December 21, 1948. The findings of fact, therefore, do not support the judgment.

The judgment is reversed, and the cause is remanded with instructions to enter judgment in favor of appellant, as prayed for in the complaint.

BEALS, ROBINSON, MALLERY, and GRADY, JJ., concur.