[No. 32799.   Department One.   July 1, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Berniece C. Welch, Respondent,* v. SEATTLE SCHOOL DISTRICT No. 1 *et al., Appellants.*[1]

[1] Reported in 272 P. (2d) 617.

*Colvin & Williams*, for appellants.

*Allen, Hilen, Froude, DeGarmo & Leedy*, for respondent.

MALLERY, J.—The relator is a primary teacher in Seattle school district No. 1. She secured a writ of mandate in the superior court of the state of Washington for King county to enforce a decision of the state superintendent of public instruction adjudicating her to be entitled to a renewal of her teaching contract. The respondent school district appeals.

The parties will be hereinafter designated as the school district and the teacher.

The school district contends that the trial court erred in entering findings of fact on the mandamus action, for the reason that no oral testimony was taken at the hearing. Apparently, they were based upon exhibits and/or pleadings and stipulations. The school district cites no authority for its contention, and, since it did not bring a statement of facts to this court upon appeal, we have no way of knowing what stipulations may have been made, nor how and for what purpose the exhibits in the record were admitted. We know of no arbitrary rule which makes oral testimony prerequisite to the entry of findings of fact, and, accordingly, we find no merit in this assignment of error.

There being no assignment of error directed to any of the findings of fact entered by the trial court, they will be conclusively presumed to be the facts in this case. *Wickwire v. Reard*, 37 Wn. (2d) 748, 226 P. (2d) 192; Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

From the trial court's findings of fact, it appears that, on April 10, 1952, the school district sent a registered letter to the teacher, who had been in the school system for many years, advising her of its intention not to renew her

contract. The letter was not delivered, and, under the purview of Rem. Supp. 1943, § 4776 [*cf.* RCW 28.67.070], her contract was conclusively presumed to have been renewed for the ensuing school year. She made a demand upon the school district for the issuance of it, and, being refused, appealed to the King county superintendent of schools for review of the matter. From a denial of her claim by the county superintendent of schools, she appealed to the state superintendent of public instruction pursuant to the requirements of law, who, after a hearing *de novo*, reversed the county superintendent and entered a decision adjudicating the teacher to be entitled to her contract. No appeal was taken, and the decision became final under the purview of Rem. Rev. Stat., § 5069 [*cf.* RCW 28.88.040], which reads:

"In decisions of appeal by the superintendent of public instruction the decision or order shall be final unless set aside by a court of competent jurisdiction in an action brought therein to review such order or decision."

Notwithstanding the final decision of the state superintendent of public instruction, the school district did not reinstate the teacher or pay her contract salary. This action in mandamus was brought to require it to do so. The school district wants to overturn the decision of the state superintendent of public instruction without having taken an appeal from it, and to that end sought to interpose defenses in the instant action that the teacher was ill and incapable of teaching, and had waived her rights under her contract by applying for retirement benefits.

It cannot be doubted that, if the school district had been permitted to do so and had prevailed thereon, the teacher would be deprived of the benefits of the state superintendent's decision. This would have been tantamount to a direct reversal of the decision of the state superintendent of public instruction, from which no appeal had been taken, contrary to the mandate of the statute.

The trial court sustained the teacher's demurrer to the affirmative defenses, and this ruling is assigned as error. The defenses, of course, could have been tried out in a trial *de novo* in the superior court by taking an appeal, as pro-

vided by Rem. Rev. Stat., § 5069 [*cf*. RCW 28.88.040]. The school district cannot now reopen the teacher's right to her contract and the contract rights predicated thereon.

The school district assigns error to the conclusion of law entered by the trial court which awarded a salary to the teacher, but since the findings of fact support that conclusion and are binding upon this court for want of any assignment of error having been directed to them, *Wickwire v. Reard, supra*, the issuance of the writ of mandate was proper, and must be sustained.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.

---

November 10, 1954. Petition for rehearing denied.