KODEP DILUTAOCH, ) APPEAL NO. 90-016'
 ) CIVIL ACTION NO. 85-558
 Plaintiff/Appellant, )
 )
 vs. ) OPINION
 )
C & S CONCRETE BLOCK )
PRODUCTS, et al., )
 )
 Defendants/Appellees. )
_____)

Argued October 4, 1990

Counsel for Plaintiff/Appellant: Douglas F. Cushnie
 P. O. Box 949
 Saipan, MP 96950

BEFORE: VILLAGOMEZ and BORJA, Justices, and ATALIG, Special Judge.

BORJA, Justice:

## FACTS

This is an appeal from a judgment dismissing Kodep Dilutaoch's (hereafter Dilutaoch) cause of action with prejudice, on the ground that the two year statute of limitations barred his case.

Dilutaoch was injured in an accident on November 22, 1983. On

November 27, 1985, he filed a complaint. Defendant C & S Concrete Block Products (hereafter C & S) answered the complaint and asserted the affirmative defense of the statute of limitations.[1] C & S moved for judgment on the pleadings on December 27, 1985, based on the statute of limitations. The trial court granted the motion and dismissed the case without prejudice, granting Dilutaoch leave to file an amended complaint.

On February 7, 1986, Dilutaoch filed an amended complaint almost identical to the original complaint, except that he added several paragraphs alleging facts supporting estoppel to counter the statute of limitations defense.

C & S moved for a bifurcated trial to try first the issue of the application of the statute of limitations as a bar to the case. The trial court granted the motion. The jury returned a verdict in favor of C & S and judgment was entered on July 28, 1987.

## ISSUES PRESENTED[2]

1. Whether the trial court erred in requiring plaintiff to

---

[1] C & S is not represented by counsel on this appeal. It has not filed a brief or orally argued the case.

[2] We note that this case is one of the few that was pending in the Ninth Circuit Court of Appeals on May 2, 1989. We have determined in Wabol v. Villacrusis, No. 89-005, Decision and Order, at 17-18 (N.M.I. December 11, 1989, that Public Law 6-25 vested "in this Court appellate jurisdiction over Commonwealth cases which were pending before the Ninth Circuit on May 2, 1989." The Wabol case is controlling for this Court.

negate the affirmative defense of statute of limitations without defendant establishing the defense.

2. Whether the court erred in bifurcating the trial and admitting Exhibit "A."

## STANDARD OF REVIEW

The first issue is subject to de novo review since it is a question of law. Robinson v. Robinson, No. 89-006, slip op. at 4 (N.M.I. April 16, 1990).

The second issue is subject to an abuse of discretion standard. Commonwealth v. Mendiola, No. 90-027 (N.M.I. January 28, 1991)(admission of evidence); 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2388 (1971)(bifurcation).

## ANALYSIS

### I.

The trial court did not err when it required Dilutaoch to establish relief from the bar of the statute of limitations. The burden of going forward with the evidence shifts once C & S made a prima facie case that the claim is barred. It is stated that,

> [W]hen the plaintiff's pleadings show upon their face that the claim sued upon is actually barred by the statute, then a plea of the bar interposed by the defendant will in effect shift the burden to the plaintiff, who will be obliged to produce evidence to relieve his claim from the bar of the statute.

482

51 Am.Jur.2d Limitation of Actions § 484 (1970).

In this particular case, the pleadings themselves show on their face that the bar of the statute of limitations applies. In addition, the trial court made a determination that, on its face, the complaint was barred by the statute of limitations. The excerpt of the record shows that the original complaint was filed on November 27, 1985. C & S moved for judgment on the pleadings on the ground of the bar of the statute of limitations. This motion was granted and the trial court dismissed the lawsuit without prejudice, granting Dilutaoch leave to file an amended complaint alleging estoppel.

As a result, Dilutaoch filed an amended complaint. At the trial on the issue of whether C & S can assert the bar of the statute, it was proper for the burden to shift to Dilutaoch to show equitable estoppel. The trial court had already ruled, in its dismissal without prejudice, that the statute of limitations, without equitable estoppel, barred this lawsuit. C & S was not required to raise and establish the statute of limitations argument again at the bifurcated trial.

Dilutaoch has the burden of proof on the issue of equitable estoppel. Golden v. Faust, 766 F.2d 1339, 1341 (9th Cir. 1985). See also Wickwire v. Reard, 226 P.2d 192 (Wash. 1951). The record shows that the jury instruction on Dilutaoch's burden of proof on the issue of equitable estoppel was correct. Tr. at 85-86.

## II.

Dilutaoch argues that the bifurcation and admission of Exhibit "A" were reversible error. We disagree.

The decision to bifurcate was within the discretion of the trial court. Rule 42(b).[3] As stated in 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2388 (1971), "[u]ltimately the question of separate trials should be, and is, within the discretion of the trial court."

Whether a separate trial is proper on the issue of whether a statute of limitations bars an action depends on whether it satisfies one of the three reasons stated in Rule 42(b).

In this case, C & S stated that the reasons for a separate trial were: a) it would be conducive to expedition and economy, and b) it would avoid prejudice. We agree that a separate trial would have satisfied those two reasons.

The jury's verdict that the cause of action was barred by the statute of limitations saved the court and the parties unnecessary additional time, effort, and money. A trial on the merits became unnecessary.

A separate trial would also have avoided prejudice by not

---

[3]Com.R.Civ.P. 42(b) states that

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . .

having the jury listen to statements regarding settlement possibilities, or insurance. For the jury to properly determine whether estoppel relieves the bar of the statute of limitations, it would necessarily have to listen to what the attorneys said to one another. These statements would be irrelevant to the issues of liability and damages.

It was not an abuse of discretion, under the above circumstances, to grant a separate trial on the issue of the statute of limitations.

Furthermore, it clearly is not an abuse of discretion when Dilutaoch did not object and give his reasons at the hearing on the motion to bifurcate.

 Dilutaoch objected to the admission of the exhibit on the ground of relevance. Tr. at 43. Now, on appeal, he argues that the admission was prejudicial.

Rule 103(a)(1) of the Commonwealth Rules of Evidence states that

> Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . ..

There are two requirements under this rule. The admission must first affect Dilutaoch's substantial right. In addition, Dilutaoch must have made a timely objection specifically stating

485

his ground. The two criteria must both exist. Meeting only one requirement is insufficient.

Dilutaoch did not state the specific ground it now relies on. He, therefore, cannot claim error. He has waived it. <u>See</u> <u>ESCO Corp. v. United States</u>, 750 F.2d 1466, 1469-70 (9th Cir. 1985). Therefore, there is no need to even address the element of substantial right.

This is not a case where the specific ground was apparent from the context. Even Dilutaoch was uncertain as to what the specific ground was. At the trial, he objected on the ground of relevance. The trial court admitted the letter because it was clearly relevant to show that C & S was not waiving the defense of the statute of limitations. Now, he objects on the ground of prejudice. This specific ground is not apparent from the context.

It was not error to admit the evidence.

Taken together, the bifurcation of the trial and the admission of the evidence was not reversible error. If the prejudice that was being avoided did materialize by an erroneous admission of evidence, and it was not harmless in that without the evidence the verdict would probably have been different, then it might have been reversible error. This was not the case. First, there was no erroneous admission. Second, even if the admission of the evidence was erroneous, there was other evidence that was sufficient to support the verdict. The testimonial evidence by the witnesses was

sufficient for the jury to decide as it did.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

_____
Ramon G. Villagomez
Associate Justice

_____
Jesus C. Borja
Associate Justice

_____
Pedro M. Atalig
Special Judge